NOT DESIGNATED FOR PUBLICATION

No. 112,485

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BONNIE L. CASTILLO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed October 23, 2015. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.

*Per Curiam*:  Bonnie L. Castillo appeals her sentence for driving under the influence (DUI)—her fifth DUI conviction since 2001. After pleading guilty, Castillo was sentenced to 12 months in prison, which was to be served consecutively with a 12-month sentence in another DUI case. On appeal, she contends that the district court should have granted her request for work release or house arrest. After reviewing the record, we find that the district court did not abuse its discretion by imposing a prison sentence rather than permitting her to serve her sentence on work release or under house arrest. Thus, we affirm.

1

On October 4, 2013, Castillo was intoxicated when she drove a vehicle through a locked gate near a high school gym. The impact caused the gate to swing open and nearly strike a student sitting on a curb near the gate. Instead of stopping after driving through the gate, Castillo left the scene and was later arrested at a nearby house. On April 4, 2014, Castillo pled guilty in case number 13 CR 3312 to one count of DUI—her fifth such conviction since 2001.

The following month, the district court conducted a sentencing hearing in this case (13 CR 3312) and in another case (13 CR 3309) in which Castillo pled guilty to her sixth DUI. At the sentencing hearing, the State asked the district court to impose two 12-month consecutive prison sentences. See K.S.A. 2013 Supp. 8-1567(b)(1)(E). The State argued that Castillo was a danger to the public, citing two previous DUI cases involving accidents, one in which her vehicle struck a building and the other in which her vehicle hit a house.

During the hearing, Castillo did not request a shorter sentence but asked the district court to sentence her to work release or house arrest. See K.S.A. 2013 Supp. 8-1567(b)(1)(E). Castillo's trial counsel stated that Castillo had successfully served prior sentences on work release without any issues and that she lives with and cares for her mother who is ill with cancer. Castillo—who spoke on her own behalf during the hearing—admitted that she is an alcoholic and asked the district court to allow her to attend treatment since she had only been ordered to attend treatment for a total of 2 weeks in the past.

The district court ultimately denied her request and sentenced her to serve consecutive sentences of 12 months in the custody of the Secretary of Corrections—along with 12 months of postrelease supervision. The district court also ordered her to pay a

$2,500 fine in both cases. In reaching its decision, the district judge offered the following reasoning:

> "With the facts of these two cases it is surprising that you haven't injured either yourself or someone else up to this point. If you continue on your current path it is probably just a matter of time until you do injure someone. I'm not confident that any sort of reduction in sentence would be in your best interest. The fact that you have excuses or factors that you allege are responsible for this, that may be the case, but that doesn't take away from the fact that you are [a] danger to others when you are driving and other times too it appears.

> "Nevertheless, at this point with your criminal history and even just your recent DUIs since 2001, you sent a message that you can't be trusted. And either can't or won't modify your behavior. So all I can do is look at what my options are for these two cases. And I think the State is correct that your history, at least as far as what these escape from custody cases and compliance indicates, that work release is not a risk that I am willing to take. So I think we're going to just have to impose sentence and be done with this."

Castillo thereafter filed a timely notice of appeal in case number 13 CR 3312. Although we cannot determine with certainty, it appears that Castillo did not appeal her sentence in case number 13 CR 3309.

ANALYSIS

The only issue presented on appeal is whether the district court abused its discretion by imposing a prison sentence instead of assigning Castillo to work release. A sentence for felony DUI under K.S.A. 2013 Supp. 8-1567 does not fall within the Kansas Sentencing Guidelines Act (KSGA), and we review nonguideline sentences under the pre-KSGA standards.

We may set aside a nonguideline sentence imposed within the statutory guidelines only if the decision was an abuse of discretion or the result of partiality, prejudice, oppression, or corrupt motive. *State v. Behrendt*, 47 Kan. App. 2d 396, 404, 274 P.3d 704 (2012). An abuse of discretion is present when no reasonable person would agree with the district court's decision. *State v. McCloud*, 257 Kan. 1, 9, 891 P.2d 324, *cert. denied* 516 U.S. 837 (1995). A district court also abuses its discretion when its decision is (1) arbitrary, fanciful, or unreasonable, (2) based on an error of law, or (3) founded on an error of fact. *State v. Waller*, 299 Kan. 707, 722, 328 P.3d 1111 (2014).

On appeal, Castillo argues that the district court should have granted her request to serve her sentence on work release or under house arrest because she has previously served sentences under work release without incident, she wanted to care for her ailing mother, and she had received only limited treatment for alcoholism in the past. Although the district court considered these arguments, it found that Castillo's history of driving under the influence reveals an unwillingness—or inability—to remain sober as well as her unwillingness—or inability—to comprehend the severity of her actions. We find this analysis by the district court to be reasonable based on the record.

The district court also noted that Castillo's criminal history score reveals that she has two prior convictions for escaping from custody. Even though the convictions are approximately 20 years old, they were appropriate for the district court to consider when sentencing Castillo. Lastly, the fact that Castillo received only limited alcoholism treatment in the past speaks just as much to her reluctance to address her own problems as it reflects a mitigating circumstance.

We, therefore, find that the district court's sentence was neither an abuse of discretion nor the result of partiality, prejudice, oppression, or corrupt motive.

Affirmed.